**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

William R. Binkerd and Julie A. Binkerd as Trustees for the Heirs and Next of Kin of Hannah Nicole Binkerd, decedent,

Case No. 00-985 DSD/AJB

Plaintiffs,

vs.

**ORDER AND MEMORANDUM OPINION ON MOTION TO COMPEL DISCOVERY**

Mayo Foundation, Mayo Clinic, Rochester Methodist Hospital,

Defendants.

---

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiffs' motion to compel answers to interrogatories. [Docket No. 8]. Hearing was held on October 10, 2000, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Todd M. Kleinhuizen, Esq., appeared on behalf of plaintiffs. William R. Stoeri, Esq., appeared on behalf of the defendants. Plaintiffs' motion seeks response to Interrogatory No. 18, relating to the sufficiency of an affidavit of expert review, and alternatively seeks enlargement of time in which to supplement the affidavit of expert identification.

Based upon the file and documents contained therein, along with memorandums and oral arguments of counsel, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' motion to compel discovery is **granted** [Docket No. 8]. The motion for enlargement of time is likewise **granted**. Plaintiffs shall have an additional 30 days from the date on which defendants' response to Interrogatory No. 18 is provided in which to supplement or resubmit the affidavit of expert identification.

NOV 06 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. Defendants shall provide a response to Interrogatory No. 18, therein stating their contentions with respect to factual deficiencies in the affidavit of expert identification. The response shall be provided within ten days of the date of this Order.

Dated: November 6, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

**MEMORANDUM**

This is a medical malpractice action in which plaintiffs allege that their newborn daughter died as a result of defendants' negligence during delivery. Plaintiffs have served an interrogatory wherein defendants are asked to declare whether they contend that the affidavit of expert identification required under Minn. Stat. §145.682 subd. 4 is deficient and, if so, to describe the basis for the contention. Defendants assert that the discovery request seeks disclosure of their work product and improperly demands that defendants perform plaintiffs' legal analysis for them. This issue arises in the somewhat unique context whereby plaintiffs are preemptively attempting to discover whether their expert affidavit is objectionable, as opposed to learning that their case is fatally flawed pursuant to order of dismissal with prejudice. Plaintiffs insist that their inquiry is in the nature of a permissible contention interrogatory; that providing an appropriate and substantive response does not prejudice the defendants; and that the discovery promotes the resolution of disputed claims on the merits. Defendants argue that the discovery

cannot be characterized as a contention interrogatory because the issue has not been raised as an affirmative defense, and the interrogatory is therefore nothing more than a direct and impermissible request for defendants' protected work product.

Minnesota's statute requiring expert review as a procedural predicate to a medical malpractice, Minn. Stat. § 145.682, was enacted for the purpose of eliminating nuisance malpractice lawsuits by requiring plaintiffs to submit expert affidavits attesting to the soundness of the malpractice claims. Stroud v. Hennepin County Medical Center, 556 N.W.2d 552, 555 (Minn. 1996) citing Oslund v. United States, 701 F. Supp. 710, 712 (D. Minn. 1988). The statute provides a reasonably straightforward test for determining the adequacy of an expert affidavit by requiring an attorney's affidavit asserting that:

> (a) the facts of the case have been reviewed by the plaintiff's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff;

Minn. Stat. § 145.682 subd. 3. The statute further provides that identification of an expert and a substantive statement of fact and opinion relating to issues of malpractice or causation may be provided by either affidavit or interrogatory response and must be signed and served on the defendant within 180 days after commencement of the suit. Id., § 145.682 subd. 4(a). Though the statute allows extensions of time limits for good cause, id., § 145.682 subd. 4(b), the 180 day time limit is to be strictly enforced. Dismissal is the mandatory consequence of noncompliance. Lindberg v. Health Partner, Inc., 599 N.W.2d 572, 578 (Minn. 1999) citing Minn. Stat. § 145.682 subd. 6.

The harsh penalty for failing to submit a timely and sufficient statement of expert review has been construed as a result that is not consistent with the court's recognition that "a primary objective of the law is to dispose of cases on the merits," Anderson v. Rengachary, 608 N.W.2d 843, 851 (Minn. 2000)(dissenting opinion) quoting Sorenson v. St. Paul Ramsey Medical Center, 457 N.W.2d 188, 192 (Minn. 1990). This is particularly the case where prejudice to the defendant is absent and a modest extension of the 180 day statutory to supplement an expert affidavit might permit the opportunity to reach the merits. Anderson at 851. In light of the potentially dire consequence of serving an insufficient expert affidavit or inadequate expert interrogatory responses, plaintiffs in this matter have taken the initiative of serving discovery which unabashedly asks defendants to identify any perceived flaws in the plaintiffs' expert affidavit. Plaintiffs argue that Interrogatory No. 18 requests factual material and should be construed as a contention interrogatory which merely seeks permissible discovery regarding defendants' almost inevitable summary judgment claim that plaintiffs' expert affidavit is deficient and dismissal of the action is therefore warranted under Minn. Stat. § 145.682. Defendants respond with indignation and protestations against plaintiffs' undisguised effort to obtain attorney work product and protected mental impressions regarding legal issues. Defendants further insist that such analysis regarding the sufficiency of the expert affidavit is solely the responsibility and task of plaintiffs' own counsel. Meanwhile, it is the Court's view that Interrogatory No. 18 is plaintiffs' overt and permissible effort to create a discovery based estoppel defense to any summary judgment challenge based upon Minn. Stat. § 145.682. See Sorenson v. St. Paul Ramsey Medical Center, 457 N.W.2d 188,193 (Minn. 1990).

Defendants' expression of intense opposition to discovery of work product

relating to purely legal theories is patently unconvincing when cursory review of the statute has already advised the parties that the matters at issue involve expert qualifications, standard of care, causation, and timeliness. This Court rests assured that the existence of legal as well as fact issues relating to each those statutory elements is not a subject that has been ignored or gone unnoticed by plaintiff's counsel, and the Court is fully persuaded that plaintiffs' counsel is not looking to defense counsel for guidance in constructing a sufficient affidavit of expert review.

It is apparent that the legal strategies underlying Interrogatory No. 18 and this motion, from the perspectives of both the plaintiffs and the defendants, are rooted in the mixed procedural and substantive concerns created by the prospect of pretrial dismissal. However, it is perhaps more appropriate that the Court consider the issue as being primarily a discovery matter, to be decided pursuant to rules of discovery. In that regard the Court finds that the requested interrogatory is properly posed and that defendants' objection must be overruled pursuant to Fed. R. Civ. P. 33(c) which provides:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact.

See Krueger v. State Farm Fire and Casualty, 1994 WL 440258 (Minn. App. 1994)(unpublished opinion). The Advisory Committee Notes to Fed. R. Civ. P. 33(c) state:

> Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful, and the clear trend of the cases is to permit "factual" opinions. As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery.

Id. Fed. R. Civ. P. 33(c), Advisory Committee Note (1970), Subdivision (b). Defendants'

insistence that plaintiffs' interrogatory requests purely legal opinion simply twists the question to fit the argument. Interrogatory No. 18 asks whether defendants find the expert affidavit to be "deficient in any way," thereby making inquiry into fact and/or opinion which is entirely appropriate pursuant to Fed. R. Civ. P. 33(c). While Minn. Stat. § 145.682 may not entitle a plaintiff to unsolicited notice of the insufficiency of an expert affidavit, Anderson v. Rengachary, 608 N.W.2d 843, 849 (Minn. 2000), a vigilant plaintiff is not precluded from obtaining discovery which may provide such notice. Importantly, providing a response to the interrogatory does not constitute a sacrifice of the right to challenge the adequacy of the expert affidavit on grounds that the expert is not properly qualified; that the facts do not support causation; or that the facts do not show deviation from the applicable standard of care. The discovery cannot save an expert opinion which is not supported by necessary and sufficient facts and it promotes the law's primary objective of disposing of cases on the merits. Indeed, the discovery also benefits the litigation process by encouraging defendants to make an early assessment of the adequacy of the affidavit of expert review, and can be extremely useful to the parties and to the Court in helping to narrow and sharpen the issues. Plaintiffs' motion to compel a response to Interrogatory No. 18 is granted. The Court further finds that plaintiffs have shown good cause for an 30 day extension of time to supplement their affidavit of expert review if necessary. The extension is based upon defendants' opposition to Interrogatory No. 18 and the Court's determination that plaintiffs should be permitted to supplement or modify their affidavit of expert review to address issues raised by defendants' discovery responses.